## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
## EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES C. PATTERSON, on his behalf of himself and others similarly situated | ) ) ) ) | |
| Plaintiff | ) | 12-cv-1061 |
| v. | ) ) | Chief Judge Holderman |
| CAPITAL MANAGEMENT SERVICES, LP and CAPITAL ONE BANK (USA), N.A | ) ) ) ) | Mag. Judge Finnegan |
| Defendants | ) | |

## RESPONSE IN OPPOSITION TO MOTION TO DISMISS

In opposition to Defendant Capital One Bank (USA), N.A.'s ("Capital One" or "Defendant") Motion to Dismiss, Plaintiff states:

### I.    Summary of Opposition

As to Capital One, Plaintiff's Amended Complaint seeks statutory damages under the Telephone Consumer Protection Act ("TCPA") with respect to unwanted automated telephone calls that defendants placed to Plaintiff's cellular telephone number.[1]  Under binding Supreme Court and 7th Circuit precedent, plaintiffs have standing to seek statutory damages provided by consumer protection statutes even when they have not alleged actual damages.  Furthermore, the Supreme Court recently ruled that federal courts do indeed have subject matter jurisdiction over TCPA claims seeking only statutory damages.  Constrained by this precedent, the true basis for Defendant's argument that Plaintiff lacks standing is wishful thinking that an upcoming Supreme

---

[1]   The Amended Complaint also asserts a claim in Count Two against Capital Management Services, LP under the Fair Debt Collection Practices Act ("FDCPA"). Capital One does not address the FDCPA claim in its motion to dismiss because that claim is not filed against Capital One.

Court decision will render a contrary ruling in a case that doesn't even involve the TCPA. The Court should not dismiss Plaintiff's complaint on a hypothetical that is contrary to binding precedent.

II.     **Federal Courts have Subject Matter Jurisdiction over TCPA Claims Seeking Statutory Damages Even in the Absence of Alleged Actual Damages.**

In *Mims v. Arrow Financial Services, LLC*, the U.S. Supreme Court recently considered a challenge to subject matter jurisdiction over claims seeking statutory damages under the TCPA. 132 S. Ct. 740 (2012). Unlike the Plaintiff here, Mims did *not* allege that he suffered any damages whatsoever in his pleading.[2] *See Exhibit 1 – Mims Complaint*. Yet the Supreme Court ruled unanimously that the District Court did indeed have subject matter jurisdiction over his TCPA claim even though Plaintiff only sought statutory damages. *Mims*, 132 S. Ct. at 753. Indeed, the *Mims* Court explicitly addressed the prospect of federal courts being inundated with TCPA claims seeking only $500 in statutory damages without concern. *Id*; *See also Soppet v. Enhanced Recovery Co., LLC*, 2012 U.S. App. LEXIS 9560 (7th Cir. 2012) (Seventh Circuit affirming denial of defendant's motion for summary judgment in TCPA claim seeking statutory damages only with no allegation of actual damages); *Exhibit 2 – Soppet Complaint*.

Although the question of standing was not directly at issue in *Mims* or *Soppet*, Federal courts are "bound to evaluate [their] own jurisdiction, as well as the jurisdiction of [any] court below, *sua sponte* if necessary." *International Union of Operating Engineers v. Ward*, 563 F.3d 276, 282 (7th Cir. 2009), *citing Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (other citations omitted). Neither the *Mims* nor

---

[2] The pleading in this action on the other hand does allege, as Defendant acknowledges, that defendants caused Plaintiff "actual damages" by calling his cellular telephone and further alleges that all wireless customers, like Plaintiff, "are charged for incoming calls whether they pay in advance or after the minutes are used." Am. Compl. ¶¶33, 8.

*Soppet* Courts expressed any concern over standing to seek statutory damages under the TCPA without actual damages. As such, the adjudications in *Mims* and *Soppet* strongly indicate that a plaintiff has standing to seek statutory damages under the TCPA even in the absence of alleged actual damages.[3]

**III.    Plaintiff has Standing because Defendant Violated his Federally Protected Rights and he is Entitled to Statutory Damages as Compensation**

The Supreme Court has long recognized that "the… injury required by Art. III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 578 (1992), *citing Warth v. Seldin*, 422 U.S. 490, 500 (1975); *see also Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373 (1982). There is no question that Congress has the authority to "elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate at law." *See Lujan*, 504 U.S at 578. In doing so Congress need only "identify the injury it seeks to vindicate and relate the injury to the class of persons entitled to bring suit" so as to preclude mere "citizen suits to vindicate the public's nonconcrete interest in the proper administration of the laws." *Massachusetts v. EPA*, 549 U.S. 497, 516-17 (2007), *citing Lujan*, 504 U.S. at 580. That is exactly what Congress has done with the TCPA, which is at issue here.

Congress enacted the TCPA after finding that unwanted automated calls were a "nuisance and an invasion of privacy, regardless of the type of call" and that banning such calls was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13), (Dec. 20, 1991),

---

[3] *See also Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, 662 F.3d 913, 915 (7th Cir. 2011) (noting that the TCPA's statutory damages provision applied to Plaintiff's receipt of two faxes in violation of the TCPA was draconian, but "is what it is.")

codified at 47 U.S.C. § 227. To that end, the TCPA grants new rights to consumers by prohibiting various types of conduct causing such injuries and allowing persons whose new statutory rights have been violated the ability to recover statutory damages in compensation for that injury.[4] 47 U.S.C. §227(b)(3). The TCPA, therefore, elevates "concrete, *de facto* injuries that were previously inadequate at law" (e.g., invasions of privacy) "to the status of legally cognizable injuries" as well as "identif[ies] the injury it seeks to vindicate and relate[s] the injury to the class of persons entitled to bring suit" *See Lujan*, 504 U.S at 578; *Massachusetts*, 549 U.S. at 516-17. Plaintiff is among that class of persons because he actually received the calls that were prohibited by the statute. Plaintiff suffered a concrete injury and has not filed a mere "citizen suit" based on some abstract interest in enforcing the TCPA.

The law in this Circuit is clear: a plaintiff alleging a violation of his or her rights granted under a federal statute has Article III standing to seek statutory damages provided for in that statute. In *Crabill v. Trans Union, LLC*, the 7th Circuit considered a claim under the Fair Credit Reporting Act and held that the plaintiff's lack of "actual damages" did not preclude other remedies under the act. 259 F.3d 662, 664 (7th Cir. 2001). The *Crabill* court explained further:

> "Many statutes, notably consumer-protection statutes, authorize the award of damages (called "statutory damages") for violations that cause so little measurable

---

[4]      Courts have long vindicated invasions of legal rights through statutory damages. *See T. Sedgwick*, A Treatise on the Measure of Damages 571 (1847) ("there is a large class of cases where the legislature has endeavored to put a stop to all inquiry into the actual damages by fixing an arbitrary sum as the measure of relief."). The first Copyright Act, for example, required infringers to "pay the sum of fifty cents for every sheet" without requiring proof of loss. *Act of May 31, 1790*, Ch. 15 §2, 1 Stat. 124, 124-125. Numerous modern statutes, including the TCPA, follow suit. S*ee also e.g., Electronic Communications Privacy Act*, 18 U.S.C. §2707(c); *Fair Credit Reporting Act*, 15 U.S.C. §1681n(a); *Truth in Lending Act*, 15 U.S.C. §1640(a).

injury that the cost of proving up damages would exceed the damages themselves, making the right to sue nugatory… The award of statutory damages could also be thought a form of bounty system, and Congress is permitted to create legally enforceable bounty systems for assistance in enforcing federal laws, provided the bounty is a reward for redressing an injury of some sort (though not necessarily an injury to the bounty hunter)." 259 F.3d at 665-66.[5]

With respect to the TCPA, statutory damages are indeed a "reward for redressing an injury of some sort" because Congress prohibited conduct that it specifically found to be injurious: namely, unwanted automated calls, which it found to be a "nuisance and an invasion of privacy, regardless of the type of call" and that banning such calls was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13), (Dec. 20, 1991), codified at 47 U.S.C. § 227.

Other circuit courts have also held that a plaintiff alleging a violation of his or her rights under a federal statute has Article III standing to seek the statutory damages provided for in that statute even in the absence of actual damages.[6] *See e.g.*, *Beaudry v. TeleCheck Services, Inc.*, 579 F.3d 702, 705 (6th Cir. 2009)(finding article III standing

---

[5] The ultimate ruling of the *Crabill* case was that a plaintiff in a FCRA case cannot base his standing solely on a claim for attorney's fees and costs (statutory damages were not available for Crabill's FCRFA claim). *Id* at 666. As such, Defendant's citation to *Crabill* to support a dismissal of Plaintiff's claim is unfounded.

[6] Defendant cites several inapposite cases in support of its contention that "a mere violation of a federal statute" does not satisfy the injury in fact requirement; none of these cases involved a statute, like the TCPA, that provides statutory damages as compensation for the injuries Congress sought to prevent through the statute. See e.g., S*ummer v. Earth Island Inst*, 129 S. Ct. 1142 (2009); *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269 (2008); *Raines v. Byrd*, 521 U.S. 811 (1997); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998). Similarly, none of these cases involve a claim made by a plaintiff who was directly subjected to the Defendant's allegedly prohibited conduct, like Plaintiff here who alleges that he directly received telephone calls from defendants that were specifically prohibited by the TCPA. Instead, the cases cited by Defendant largely concern claims made by special interest groups that merely sought to "vindicate the public's nonconcrete interest in the proper administration of the laws." *See Massachusetts*, 549 U.S. at 516-17.

5

even where no economic harm ensued in a case under the Fair Credit Reporting Act because the injury alleged was the invasion of plaintiff's statutory right to accurate reports, not the economic consequences of the violation); *Alston v. Countrywide Financial Corporation*, 585 F.3d 753, 762-63 (3rd Cir. 2009), *citing Havens Realty Corp.*, 455 U.S. at 373 (holding, in a case brought under the Real Estate Settlement Procedures Act, that "a plaintiff need not demonstrate that he or she suffered actual monetary damages, because 'the actual or threatened injury required by Art. III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing.'")

Burdened by binding precedent from the Supreme Court, the 7th Circuit, and other Circuits, Defendant's true basis for seeking dismissal is its *hope* that the Supreme Court will overrule such precedent in an upcoming decision in *First American Financial Corporation v. Edwards*, No. 10-708, which concerns a claim brought under the Real Estate Settlement Procedures Act ("RESPA"). This Court must follow precedent and cannot dismiss a complaint simply because it is *possible* that such precedent may be overturned.

Yet even if the Supreme Court were to find that the plaintiff in *Edwards* lacks Article III standing, such a ruling would not merit a dismissal of this action. In a sense, the Plaintiff in *Edwards* could not have possibly suffered any damages at all. Edwards sued his title insurance company under RESPA for paying illegal kickbacks in exchange for exclusive referral agreements. Typically, such RESPA kickback cases result in the plaintiff paying higher fees than he would have otherwise because of the kickback. Yet Edwards lived in a state where title insurance fees are fixed, regardless of whether any kickback happened, and thus could not have conceivably suffered the injury that the

6

statute was created to address. In the case before this Court, on the other hand, there is no such anomaly. The TCPA was created to address invasions of privacy. Defendant not only conceivably did, but actually did, invade Plaintiff's privacy by placing automated calls to his cellular telephone without his permission in violation of those statutes.[7] As this 6th Circuit recognized in *Beaudry*, "this nexus between the individual plaintiff and the legal violation thus suffices to sustain this statutorily created right." 579 F.3d at 707, citing *Havens Realty Corp.*, 455 U.S. at 373. Thus, even if the Supreme Court grants Defendant's wish, such a decision in *Edwards* would inevitably be rightly distinguished from this case.

This Court should not ignore binding precedent and dismiss this case simply because the Supreme Court *might* issue a decision in the future that would call into question a plaintiff's standing in a RESPA case with questionable applicability to the TCPA. The law is clear: Plaintiff has standing to pursue his claims under the TCPA. Defendant's Motion to Dismiss should be denied.[8]

---

[7] The Amended complaint does allege, as Defendant acknowledges, that defendants caused Plaintiff "actual damages" and further alleges that all wireless customers, like Plaintiff, "are charged for incoming calls whether they pay in advance or after the minutes are used." *Am. Compl. ¶¶33, 8*. To the extent that Plaintiff is required to allege any particular injuries-in-fact beyond a violation of his statutorily granted legal rights under the TCPA, which was enacted to address the de facto injury of invasion of privacy, Plaintiff has done so through these allegations. Plaintiff could also amend his pleading to explicitly allege that defendants invaded his privacy if the Court finds that such an allegation would resolve this motion.

[8] In the alternative, Defendant requests, without any supporting argument, that this Court stay this case pending the outcome of the Edwards case. Not surprisingly, plaintiff believes whatever the outcome of *Edwards*, it will not impact this case because, as explained above, the Edwards case is entirely distinguishable. If this Court stays this case, this lawsuit will have simply lingered on this Court's docket without progression for naught. An order requiring that this case not progress is not in the interest of justice or judicial economy.

**III.     Conclusion**

Defendant's Motion to Dismiss should be denied.


Respectfully submitted,

/s/ Timothy J. Sostrin
One of Plaintiff's attorneys


Keith J. Keogh
Craig Shapiro
Timothy J. Sostrin
Keogh Law, Ltd.
101 North Wacker Drive, Suite 605
Chicago, Illinois   60606
312.726.1092 (office)
312.726.1093 (fax)
TSostrin@KeoghLaw.com


## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2012, I electronically filed the foregoing Response via the Court's CM/ECF System, which will perfect service upon the following:

Aaron Van Oort
Faegre Baker Daniels, LLP
Aaron.vanoort@FaegreBD.com

James Schultz
Sessions Fishman Nathan & Israel
jschultz@sesions-law.biz


/s/ Timothy J. Sostrin

8