IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES C. PATTERSON, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | 12-cv-1061 |
| v. | ) ) | Chief Judge Holderman |
| CAPITAL MANAGEMENT SERVICES, L.P. AND CAPITAL ONE BANK (USA), N.A., | ) ) ) ) | Magistrate Judge Finnegan |
| Defendants. | ) | JURY DEMAND |

**JOINT MOTION BY DEFENDANTS TO STAY PROCEEDINGS**

**PLEASE TAKE NOTICE** that defendants Capital One Bank (USA), N.A. ("Capital One") and Capital Management Services, L.P. ("CMS"), by and through their undersigned counsel, **Move to Stay Proceedings**, including discovery, pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") on Capital One Bank (USA), N.A.'s Motion to Transfer for Coordinated or Consolidated Pretrial Proceedings Under 28 U.S.C. § 1407.

In further support of its motion, Capital One states the following:

**I.      Introduction**

Courts commonly enter brief stays of proceedings pending an MDL determination, and a stay is necessary and appropriate in this case to conserve judicial and private resources that will otherwise have to be spent on discovery motions and class-certification briefing.

Capital One filed a petition for MDL status on October 3, 2012, seeking coordinated treatment of 33 Telephone Consumer Protection Act ("TCPA") actions that are pending in eleven federal courts across the country. The JPML has recently granted MDL status to two similar groups of TCPA actions. *See In re Portfolio Recovery Assocs., LLC, Telephone*

*Consumer Protection Act Litig.*, 846 F. Supp. 2d 1380, 1381 (J.P.M.L. 2011); *In re Midland Credit Mgmt., Inc., Telephone Consumer Protection Act Litig.*, 818 F. Supp. 2d 1377, 1377-78 (J.P.M.L. 2011). Capital One has asked the JPML to assign the MDL proceedings to the Northern District of Illinois, the Honorable Joan H. Lefkow, presiding, which is where the first-filed putative class action is docketed. *See Martin, et al. v. Leading Edge Recovery Solutions, LLC, et al.*, No. 1:11-cv-05886 (N.D. Ill.). The plaintiffs in *Martin* are opposing that assignment, as indicated by their recent motion to transfer *Martin* to the Western District of Washington, where the third-filed putative class action is docketed, making it uncertain which court will be appointed. Pending the JPML's decision, Capital One is seeking stays of proceedings in all 33 cases to preserve judicial and private resources.

Plaintiff in this case responded to Capital One's MDL petition by filing a motion for class certification two days later—a gambit that underscores the importance of entering a stay of proceedings. A stay will meet the goals of MDL treatment and is appropriate in this case for several reasons. First, this Court can preserve scarce judicial resources by declining to address matters that may later be redone or undone in an MDL proceeding. Second, a stay will protect Capital One from having to spend its resources addressing duplicative matters that can be addressed more efficiently in the MDL, once for all cases. Finally, a brief stay will not prejudice the substantial rights of the plaintiff in this case. Capital One was added to this case less than eight months ago, and there is no danger that memories will be degraded or evidence lost in the short time before MDL proceedings can begin. If the Court agrees that a brief stay is appropriate, defendants respectfully request that it enter a stay promptly. Discovery against Capital One is underway, but it is in the early stages. Entering a stay in advance of the pending discovery

2

against Capital One will preserve both judicial and private resources, consistent with the purpose of the MDL mechanism.

## II. Facts

This is one of three pending putative class actions filed against Capital One in federal courts involving allegations under the Telephone Consumer Protection Act ("TCPA").[1] The other two pending putative class actions are in the Northern District of Illinois and the Western District of Washington, respectively.[2] In addition, thirty individual actions alleging TCPA violations are pending in nine other federal district courts against Capital One. With the exception of one individual case, all of the putative class actions and individual actions were filed against Capital One within the past ten months.

On October 3, 2012, Capital One moved to transfer these 33 "Scheduled Actions" into an MDL under 28 U.S.C. § 1407. *See* Hunter Decl. ¶ 5, Ex. A. The JPML has recently held—twice—that petitions seeking to consolidate the same type of TCPA cases satisfied the MDL standard. *See In re Portfolio Recovery Assocs., LLC, Tel. Consumer Prot. Act Litig.*, 846 F. Supp. 2d 1380, 1381 (J.P.M.L. 2011); *In re Midland Credit Mgmt., Inc., Tel. Consumer Prot. Act*

---

[1] Capital One was sued in a fourth putative class action asserting a nationwide class on August 7, 2012, in the Northern District of California. *Alarcon v. Capital One Bank (USA) N.A., et al.*, Civ. No. 3:12-cv-4145 (N.D. Cal.) The Plaintiff in *Alarcon* is a resident of California and pleaded no facts suggesting that jurisdiction would be proper elsewhere. But shortly after Capital One informed counsel in *Martin* that it intended to file the petition to transfer all related cases to Judge Lefkow in the Northern District of Illinois—and the day Capital One's Answer was due (October 1, 2012)—the *Alarcon* plaintiff voluntarily dismissed this case without prejudice. Hunter Decl. ¶ 10. Counsel in the *Amadeck* action has since indicated to Capital One that it intends to attempt to add the *Alarcon* plaintiff to the action pending in the Western District of Washington, which would be consistent with *Martin*'s counsel's attempt to transfer to that jurisdiction and, presumably, to create a "critical mass" of class actions in that forum. Hunter Decl. ¶ 10.

[2] *See Martin, et al. v. Leading Edge Recovery Solutions, LLC, et al.*, No. 1:11-cv-05886 (N.D. Ill.); *Amadeck, et al. v. Capital One Fin. Corp., et al.*, No. 2:12-cv-00244-RSL (W.D. Wash.).

3

*Litig.*, 818 F. Supp. 2d 1377, 1377-78 (J.P.M.L. 2011). Capital One expects that the MDL Motion will be heard by the JPML on November 29, 2012, in Dallas, Texas, and is in the process of filing motions to stay in each of the Scheduled Actions pending a decision by the JPML. Hunter Decl. ¶ 7.

In its MDL petition, Capital One asked the JPML to assign the 33 Scheduled Actions to the Northern District of Illinois for MDL proceedings, before Judge Lefkow. Ex. A at 2, 14-15. Capital One made this request because *Martin* was the first-filed case against Capital One in this district and because Judge Lefkow's MDL docket was substantially shorter than this Court's. Only one case is pending in the Western District of Washington. Of course, the JPML has the discretion to assign the Scheduled Actions to any judge or judges. 28 U.S.C. § 1407(b). Counsel in the *Martin* action has told Capital One that he is collaborating with counsel in *Amadeck* and that his clients intend to oppose Capital One's MDL petition. Hunter Decl. ¶ 9. The *Martin* plaintiffs established that they do not want to litigate this case in the Northern District of Illinois—whether as an individual case or as part of an MDL—by filing a motion to transfer *Martin* to the Western District of Washington.[3] Dkt. No. 107-08. It is possible that plaintiffs in the other 32 Scheduled Actions will also ask to have the MDL assigned to a different court.

On October 4, 2012, counsel for Capital One appeared before Judge Lefkow in the *Martin* action for a presentment regarding the *Martin* plaintiffs' motion to transfer. During that hearing, counsel for Capital One indicated that it intended to file motions to stay every Scheduled Action. Hunter Decl. ¶ 8. The next day, October 5, 2012, the plaintiff in this case filed a motion for class certification. Dkts. 61-63; Hunter Decl. ¶ 8.

The three pending putative class actions are in the early stages of discovery. Hunter Decl. ¶ 3. No discovery motions have been filed or heard with regard to Capital One, other than

---

[3] The Court summarily denied this motion on October 4, 2012. Dkt. 109.

4

preemptive motions for protective orders filed by defendants in the *Martin* case, and no depositions have been taken. Hunter Decl. ¶ 3. In this case, Plaintiff has served written discovery on Capital One, and Capital One has objected and responded. Hunter Decl. ¶ 4. Capital One has also served limited documents, with further document production expected. Hunter Decl. ¶ 4.

### III. Argument

A district court has the inherent power to stay its proceedings. *Rivers v. Walt Disney, Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936); *see also Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). Courts often use this power to stay proceedings pending transfer decisions by the JPML. *See, e.g.*, *Ill. Mut. Ret. Fund v. Citigroup, Inc.*, 391 F.3d 844, 852 (7th Cir. 2004) (noting that "some district courts stay proceedings during the interim following a conditional transfer order"); *Mailblocks, Inc. v. Spam Arrest, LLC*, No. CV03-0077, 2003 WL 22319080, at *2 (W.D. Wash. June 9, 2003) (Coughenour, C.J.) ("Litigation should be stayed to permit the MDL Panel to decide a motion to consolidate if the stay would achieve gains in judicial economy and consistency that outweigh the prejudice the parties would suffer from the delay."); *Fuller v. Amerigas Propane, Inc.*, Nos. C09-2493, 09-2616, 2009 WL 2390358, at *2 (N.D. Cal. Aug. 3, 2009) (granting motion to stay); *Rivers*, 980 F. Supp. at 1362 ("[I]t appears that a majority of courts have concluded that it is often

appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel.").

Courts consider three factors in determining whether to stay proceedings pending JPML transfer decisions: (1) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated; (2) if a stay would prejudice the non-moving party; and (3) any hardship and inequity to the moving party if the action is not stayed. *See Rivers*, 980 F. Supp. at 1360; *see also Fuller*, 2009 WL 2390358, at *1; *Terkel v. AT & T, Inc.*, Nos. 06 C 2837, 06 C 2680, 2006 WL 1663456, at *1 (N.D. Ill. June 9, 2006) (Kennelly, J.); *Bd. of Tr. Teachers' Ret. Sys. of Ill. v. WorldCom, Inc.*, 244 F. Supp. 2d 900, 905 (N.D. Ill. 2002) (Gottschall, J.). Here, a stay best serves judicial interests of economy and efficiency by preventing unnecessary pretrial proceedings and minimizing the possibility of conflicting discovery and merits rulings.

**A.     Granting Capital One's motion to stay will conserve judicial resources.**

A court considering whether to stay proceedings pending a decision by the JPML on a motion to transfer first looks to whether the stay will conserve judicial resources and serve the interests of judicial economy and efficiency. *See, e.g.*, *Rivers*, 980 F. Supp. at 1360. Courts place heavy weight on the concern for judicial efficiency when determining whether to stay proceedings pending JPML decisions. *See Rivers*, 980 F. Supp. at 1361 (motion to stay granted because it furthers interests of judicial economy and efficiency); *WorldCom*, 244 F. Supp. 2d at 905 ("Judicial economy favors a stay.").

If proceedings are not stayed pending the JPML's decision, this Court may expend judicial resources ruling on pretrial motions, including class certification, despite the significant possibility that this case, and others, will be transferred to another court for consolidated pretrial

6

proceedings, including ruling on class certification. *See, e.g.*, *In re Charlotte Russe, Inc., Fair and Accurate Credit Transactions Act (FACTA) Litig.*, 505 F. Supp. 2d 1377, 1378 (J.P.M.L. 2007) ("Centralization will . . . prevent inconsistent pretrial rulings, especially with respect to class certification . . . ."). After transfer, the transferee court may modify rulings made by the transferor judge. *See, e.g.*, *Rivers*, 980 F. Supp. at 1361 (noting that decisions regarding class "certification could be for naught if this action is transferred to another court and that court modifies or vacates any of this Court's orders"); *In re Exterior Siding & Aluminum Coil Litig.*, 538 F. Supp. 45, 47 (D. Minn. 1982) ("It is clear from [28 U.S.C. § 1407] itself that class certification determinations are to be resolved by the transferee court free from the influence of any initial determinations of transferor courts."); *In re Upjohn Co. Antibiotic Cleocin Prod. Liab. Litig.*, 81 F.R.D. 482, 486-87 (E.D. Mich. 1979) (noting that transferee court may vacate or modify orders entered by transferor court).

Plaintiff sued Capital One and CMS less than eight months ago, and there is no danger that memories will be degraded or evidence lost in the short time before MDL proceedings can begin. Plaintiff has served written discovery on Capital One, and Capital One has objected and responded. Hunter Decl. ¶ 4. Capital One has also served limited documents, with further document production expected. Hunter Decl. ¶ 4. Capital One has not served discovery on Plaintiff. CMS has served discovery requests on Plaintiff, who has produced only negligible documents. Hunter Decl. ¶ 4. No discovery motions regarding Capital One's discovery responses have been filed or heard and no depositions have been taken. Hunter Decl. ¶ 3. Significantly, on October 4, 2012, counsel for Capital One appeared before Judge Lefkow in the *Martin* action for a presentment regarding the *Martin* plaintiffs' motion to transfer to the Western District of Washington. During that hearing, counsel for Capital One indicated that it intended to file

motions to stay every Scheduled Action. Hunter Decl. ¶ 8. The very next day, October 5, 2012—and without any notice to Capital One—the plaintiff in this case filed a motion for class certification. Dkts. 61-63; Hunter Decl. ¶ 8. Plaintiff's motion underscores the importance of issuing a stay in this case—and the other 32 Scheduled Actions. Without a stay, the Court will have to spend significant time and energy ruling on discovery motions, setting a discovery schedule, setting a class-certification schedule, and possibly deciding class certification. Determining the best process for conducting discovery and class-certification briefing in the Scheduled Actions should be handled by the court the JPML assigns the MDL rather than by individual courts issuing rulings during the pendency of the MDL petition—which may be contradictory and which certainly will use judicial resources inefficiently.

Briefly staying proceedings would avoid unnecessary action by this Court and would eliminate the possibility that inconsistent pretrial rulings will be issued in this and other jurisdictions before consolidation. Thus, to ensure judicial resources are used efficiently and economically, this Court should grant the defendants' motion to briefly stay proceedings, including discovery.

> **B.** **Plaintiff will not be prejudiced by a brief stay of proceedings.**

A court examining a motion to stay proceedings also looks at whether a plaintiff will suffer prejudice from a brief stay pending a decision by the JPML. *See, e.g.*, *Rivers*, 980 F. Supp. at 1360. In general, a non-moving party will suffer "no meaningful prejudice," because "any delay caused by this stay will be of very short duration, and unlikely to cause the degradation of memories or the loss of material evidence." *Fuller*, 2009 WL 2390358, at *1.

That is true here. A decision by the JPML is likely to come within four months or less. Any alleged prejudice running from a brief delay in discovery pending the MDL Panel's decision

is minimal. *See, e.g.*, *Nielsen v. Merck & Co.*, No. C07-00076, 2007 WL 806510, at *2 (N.D. Cal. March 1, 2007) (concluding that deferring resolution of jurisdictional questions does not harm nonmoving party as questions will be resolved after short delay pending JPML decision); *WorldCom*, 244 F. Supp. 2d at 906 ("[W]hile delay is always regrettable, the Funds fail to explain how delay in this case will substantially affect their rights."); *American Seafood, Inc., v. Magnolia Processing, Inc.*, Nos. 92-1030, 92-1086, 1992 WL 102762, at *1 (E.D. Pa. May 7, 1992) ("The plaintiffs will not be substantially prejudiced by staying this action pending the decision of the JPML.").

In addition, any minimal prejudice resulting from a delay is greatly outweighed by the interests against costly duplicative discovery—which will be borne, in part, by plaintiff—and in favor of judicial economy, which are also the motivating factors for consolidating cases through multidistrict litigation. *See, e.g.*, *Rivers*, 980 F. Supp. at 1362 n.5 ("[E]ven if a temporary stay could be characterized as a delay that would be prejudicial to Defendant, there are still considerations of judicial economy that outweigh any prejudice to Defendant."); *American Seafood*, 1992 WL 102762, at *2 ("[A]ny prejudice to the plaintiffs is clearly outweighed by the considerations of judicial economy and possible prejudice to the defendants."); *see also In re Global Crossing Ltd. Sec. & "ERISA" Litig.*, 223 F. Supp. 2d 1384, 1385 (J.P.M.L. 2005) ("Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary."); *Waitt v. Merck & Co., Inc.*, No. C05-0759L, 2005 WL 1799740, at *3 (W.D. Wash. July 27, 2005) (Lasnik, C.J.) (denying motion to stay but noting that if case had common factual allegations with pending

MDL "the Court would likely stay the present proceedings pending a transfer decision by the JPML").

Plaintiff has just moved for class certification and seeks a briefing schedule that could be undone by rulings by the MDL court assigned the Scheduled Actions—which will waste plaintiff's resources as well as Capital One's.

Plaintiffs in the *Martin* action have conceded that coordinated proceedings are the best route, having argued in their motion to transfer that transfer to the Western District of Washington would "further interests of justice by reducing the multiplicity of litigation, conserving judicial resources, and avoiding inconsistent results." Dkt. 107 at 6. Thus, plaintiffs in *Martin*—who are coordinating with counsel in *Amadeck*—have acknowledged that they will not be prejudiced by coordinated proceedings. *See* Hunter Decl. ¶ 9. The same is true in this case.

### C. Capital One will suffer hardship if this action is not stayed.

Finally, a court deciding a motion to briefly stay a case pending a decision by the JPML on a motion to transfer looks to whether the moving party will suffer hardship if the action is not stayed. *See Rivers*, 980 F. Supp. at 1360. As courts have recognized, "litigating essentially the same claims in courts all over the country is no doubt burdensome." *WorldCom*, 244 F. Supp. 2d at 904 (granting motion to stay pending the JPML decision based in part on the similar claims nationwide).

That very reason—the burden of continuing to litigate in numerous jurisdictions around the country—weighs in favor of a brief stay here. Without a stay, Capital One will likely face duplicative costs litigating discovery and class-certification motions, negotiating with counsel, and responding to discovery over the next few months—duplication that is contrary to the

purpose of the MDL mechanism. Capital One may also face contradictory discovery orders that ultimately are inconsistent with the view of the MDL court assigned.

Capital One requested consolidated or coordinated pretrial proceedings in 33 actions alleging TCPA claims that it is currently defending, including three putative class actions. As courts have recognized, "there is some hardship associated with the effort required to conduct discovery in multiple cases that may be rendered pointless or redundant by the decision of the MDL panel." *Fuller*, 2009 WL 2390358, at *1; *see also Nielsen*, 2007 WL 806510, at *2 ("[Defendant] would suffer prejudice from being forced to litigate the same . . . issues in multiple forums.").

**IV.  CONCLUSION**

A stay of proceedings, pending a decision by the JPML on Capital One's MDL Motion, will conserve judicial resources and will not prejudice the plaintiff, who will be able to pursue discovery upon a decision by the JPML in only a few months. Capital One will be harmed if a brief stay is not granted, as it will have to continue to engage in duplicative discovery, pretrial proceedings, and class-certification briefing, which defeats the purpose of the proposed MDL.

WHEREFORE, for the above reasons, Capital One and CMS respectfully request that this Court stay proceedings, including discovery, while Capital One Bank (USA), N.A.'s Motion to Transfer for Coordinated or Consolidated Pretrial Proceedings Under 28 U.S.C. § 1407 is pending before the Judicial Panel on Multidistrict Litigation.

Dated: October 5, 2012                                Respectfully submitted,

CAPITAL MANAGEMENT SERVICES, L.P.     CAPITAL ONE BANK (USA), N.A.

/s/ *Daniel Pisani* (with consent)            /s/ *Ernest Summers III*
Daniel W. Pisani                                      Aaron D. Van Oort (MN No. 315539)
James K. Schultz                                      Eileen M. Hunter (MN No. 0336336)
Sessions, Fishman, Nathan & Israel, LLC               Erin L. Hoffman (MN No. 0387835)
55 West Monroe St., Suite 1120                        Faegre Baker Daniels LLP
Chicago, IL 60603                                     2200 Wells Fargo Center
Tel.:   (312) 578-0900                                90 South Seventh Street
Fax:    (312) 578-0991                                Minneapolis, MN 55402
dpisani@sessions-law.biz                              Tel.:   (612) 766-7000
jschultz@sessions-law.biz                             Fax:    (612) 766-1600
                                                      aaron.vanoort@FaegreBD.com
                                                      eileen.hunter@FaegreBD.com
                                                      erin.hoffman@FaegreBD.com

                                                      Ernest Summers III (No. 3126432)
                                                      Trina K. Taylor (No. 6297760)
                                                      Faegre Baker Daniels LLP
                                                      311 South Wacker Drive
                                                      Suite 4400
                                                      Chicago, Illinois 60606
                                                      Tel.:   (312) 212-6500
                                                      Tax:    (312) 212-6501
                                                      ernie.summers@FaegreBD.com
                                                      trina.taylor@FaegreBD.com

FB_US 9246391v4

## **CERTIFICATE OF SERVICE**

   I hereby certify that on October 5, 2012, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

                     /s/ Ernest Summers III

BDDB01 9492060v1